## DRAKE v. HARDWARE MUT. CASUALTY CO.

### No. 6043.

Court of Appeal of Louisiana,
Second Circuit.

Feb. 7, 1940.

Cook, Cook & Egan and Albert T. Hughes, Jr., all of Shreveport, for appellant.

Barnette & Barnette, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff sues to recover judgment for damages done to his Plymouth sedan in a collision with the one-ton truck of L. L. Golden at the Brown Pig Sandwich Shop on Market Street in the City of Shreveport. Only the carrier of property damage insurance on the Golden truck is made defendant. Defendant appealed from adverse judgment.

The collision occurred about 10:30 o'clock A. M. when a heavy rain was falling. Plaintiff was driving southerly on Market Street. The Golden truck had come from below the sandwich shop and had almost completed a left turn (from east to west) across the street immediately south of the sandwich shop when run into by the sedan.

Approximately 200 feet north of the situs of the collision, the street descends rather sharply, so much so that the driver of a motor vehicle proceeding southerly cannot see another vehicle coming from the opposite direction until the ascent is completed.

Plaintiff's contention is that after he had gone approximately 50 feet south of the apex of the incline, he observed that the truck had begun slowly to execute a left turn toward the sandwich shop; that he quickly applied the brakes, then functioning efficiently, which caused the car to skid uncontrolled on the slippery surface of the street until it collided with the truck, some 8 or 10 feet of which was east of the west curb and across his side of the street; that the making of the left turn by the truck's operator, without signal, created an emergency which forced him to act quickly, though futilely, in the hope of averting the impending collision; that the action of the truck's operator in this respect constituted negligence and was the sole cause of the accident and its consequences.

Defendant challenges the correctness of plaintiff's version of the facts of the accident. The true facts being, as by it alleged, that Golden and the colored driver of his truck, before attempting the left turn, looked northerly to the apex of the incline and observed no vehicle approaching; that proper signal of their intended movement was given; that after crossing the street and driving the truck upon the concrete apron at the sandwich shop, excepting some 4 feet thereof (from rear wheels back), the sedan rammed it at and about the right rear wheel; that the presence of the sedan was unknown to Golden or his driver until the collision occurred.

Plaintiff supports his allegations by his own testimony, save in that he alleges that the truck suddenly made the left turn, whereas he testified that the turn was slowly made.

Golden and his driver support defendant's version of the facts of the collision. They are positive that signal of their purpose to make the turn was timely given, and that they looked closely up the street for traffic and saw none prior to crossing the street.

There were no other witnesses in the case. Plaintiff's testimony is diametrically opposed to that of Golden and his driver, as regards all material facts bearing upon the question of fault or freedom therefrom on the part of either driver. Golden has nothing at stake in this contest. There appears no good reason whatever for him to distort the facts. His driver corroborates him in every material detail.

Plaintiff testified that he was driving at the rate of from 25 to 30 miles per hour when he reached the summit of the incline north of the shop. From that point south for a block or more the street gradually declines. Plaintiff was hurrying to carry his family to 11 o'clock church services. It is

not at all improbable that he was moving at a speed considerably in excess of that he thinks he was going.

The truck's rear end was knocked approximately 12 feet southwesterly against a tree on the neutral ground between the sidewalk and the curbing, leaving the vehicle facing northerly. This indicates a violent impact, such as would not likely have occurred had plaintiff's car been going no faster than he says.

The execution of a left turn on a much traveled street or highway is, in fact, and has been uniformly held to be, one of the most hazardous of which a motor vehicle is capable. However, when traffic conditions at a given point warrant such a movement, a motorist has the right to rely upon such conditions and proceed. If the conditions are altered by the sudden and careless action of another motorist, the legal aspect of the situation, so far as concerns the motorist making the turn, is not affected. If Golden and his driver are to be believed, they certainly had the right to act as and when they did. There is nothing in the record to warrant us in not according to their testimony that degree of weight and credit rightly due to testimony of all unimpeached witnesses. Certainly their testimony does not deserve rejection.

We are inclined to believe that plaintiff ascended the incline at a fairly rapid rate of speed and possibly due to heavy rain then falling, did not discover the truck making the turn until not over 150 feet from it; that he undertook to avert a collision by applying his brakes forcefully and attempting, as he says, to drive to his left and pass the rear of the truck; that the car began to skid and control of it was lost, resulting in the collision.

Vine Street intersects Market Street on its west side, close to the summit of said incline, at an angle much less than ninety degrees. The locus of this intersection, the fact that vision south of the summit of the incline is obscured to a south-bound motorist until he tops it, and the proximity of the sandwich shop, a popular eating place, on the west side of the street, all contribute to produce an unusually hazardous traffic situation thereabout, especially as regards traffic moving south. The hazardous character of the situs is materially augmented by rainfall which causes the black-top street surface to become very slippery.

Plaintiff was well acquainted with all of said conditions. He passed the locus daily. A heavy duty rested upon him when approaching it to exercise that high degree of care and caution which the knowledge of these conditions demanded. We think he failed to discharge this duty. Surely, he has not proven by a preponderance of the testimony that he met that duty.

Though reluctantly, we are impelled to disagree with our brother of the lower court on the question of fact involved.

For the reasons herein given, the judgment appealed from is reversed, annulled and set aside. Plaintiff's demand is rejected and his suit dismissed at his cost.