This suit results from a collision between plaintiff's Chevrolet automobile and defendant's truck and trailer, which occurred in the City of New Orleans about 2:30 p.m. on October 21, 1940, at the intersection of Pontchartrain Boulevard and Metairie Road. Plaintiff seeks to recover $120, the cost of repairing his car. The usual charges of negligence are reciprocally made and denied by the parties.
There was judgment below in favor of plaintiff in the amount prayed for and defendant has appealed.
The intersection where the accident occurred is a dangerous one. The plaintiff and his wife were driving their Chevrolet from the direction of Lake Pontchartrain towards Carrollton Avenue. The truck and trailer were moving in the opposite direction towards Lake Pontchartrain. When the truck reached the intersection, however, it turned to the left, which it was permitted to do by the traffic ordinance of the City of New Orleans, but in so doing it collided with the Chevrolet.
We have no difficulty in finding the driver of the truck to be guilty of negligence. In the first place, he was the only one of the two drivers who knew that he intended to make the lefthand turn, though the plaintiff must be presumed to know that the truck driver might make a lefthand turn since the law permitted that maneuver.
Henry Marshall, the driver of the truck, testified that he saw plaintiff's car when it was a block and three-quarters from the intersection and contends that it was approaching the intersection at a very *Page 650 
rapid rate of speed. Nevertheless, he continued on his course until Louis Caston, his helper, who was sitting next to him, called his attention to the fact that a collision was imminent. Marshall claims that he stopped before entering the intersection which plaintiff denies, but if he did and his speed was in consequence moderated, there was a greater opportunity for him to control his movements.
In Drake v. Hardware Mutual Casualty Company, La.App., 194 So. 70, 72, it was said:
"The execution of a left turn on a much traveled street or highway is, in fact, and has been uniformly held to be, one of the most hazardous of which a motor vehicle is capable".
Marshall, the truck driver, was, as we have said, guilty of negligence.
We have now to consider the plea of contributory negligence. Plaintiff, who lives in Larose, Louisiana, is very familiar with the City of New Orleans and its traffic regulations according to his own testimony. In fact, he has declared himself to be more familiar with the traffic regulations than he is in fact, for he states that the truck had no legal right to make a lefthand turn at that intersection and, in this respect he is mistaken, as will be seen by the following:
"(f) Turning left on `Go' Signal. The operator of a vehicle or street car intending to turn to the left at an intersection where traffic is controlled by traffic signals or by a police officer and where a left turn is permitted shall proceed to make such left turn with proper care to avoid accident and only upon the `Go' signal, unless otherwise directed by a police officer or by special sign installed at that point". Art. 6, Sec. 3 (f), of Traffic Ordinance No. 13,702 C.C.S.
Owen, the plaintiff, testified that when he was about fifty feet away from the intersection, he was approaching at the rate of thirty miles per hour and that at that time he noticed the signal light was green which, of course, means that he was at liberty to cross the intersection. At another point in his testimony he gives his speed at twenty to twenty-three miles per hour, and at twenty-five to thirty miles per hour and at thirty to thirty-two miles per hour. In a written statement, signed by Owen and his wife, Mrs. Owen, written by an adjuster for defendant's insurance carrier, he gives his speed at thirty-five miles per hour. When confronted with this statement on the stand, though he admitted his signature and that of his wife, his attitude was most evasive and, in this respect, added no weight to his testimony. We are convinced that he was operating his automobile too fast, whether at thirty, thirty-five or more miles per hour we cannot say.
Our attention has not been called to any provision of the traffic ordinance which limits the speed of an automobile when approaching an unobstructed intersection. Defendant's counsel cites Article 5, Section B, C.C.S. 13,702, which fixes the speed on boulevards at thirty miles per hour and contends that plaintiff was traveling much faster. We are inclined to think that he was, but be that as it may, even at twenty-five or thirty miles per hour, he was going too fast in approaching that intersection, regardless of what the permitted speed may be, for any speed which is unsafe is unlawful. Article 5, Sec. 3 (b) of the Traffic Ordinance. He saw the truck in ample time to abate his speed and while he testified that he did not know, he should have known, that the truck might make a lefthand turn.
Moreover, the impact was very severe, so much so that the heavy truck was diverted from its path and turned in the opposite direction. The Chevrolet meanwhile proceeded quite a distance beyond the point of contact, all of which indicates considerable speed on the part of the Chevrolet at the moment of the collision.
Our conclusion is that plaintiff was guilty of contributory negligence and cannot recover, consequently, and
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment in favor of defendant dismissing plaintiff's suit at his cost.
Reversed. *Page 651